UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALONNO JOHNSON, | ) |
| Plaintiff, | ) ) |
| | ) No. 05 C 5923 |
| v. | ) |
| | ) Judge George M. Marovich |
| THE NATIONAL MEDIATION BOARD, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dalonno Johnson ("Johnson") filed a complaint challenging an arbitration decision made under the Railway Labor Act. Two motions are before the Court. First, defendant the National Mediation Board (the "Board") has moved to dismiss the complaint on the grounds that it is not a proper defendant. Second, plaintiff has moved for leave to file an amended complaint. For the reasons described below, the Court grants defendant's motion to dismiss and denies plaintiff's motion for leave to amend.

**I.      Background**

According to the allegations in plaintiff's complaint and the arbitration decision attached to plaintiff's complaint, CSX Transportation, Inc. ("CSX") once employed Johnson, who was a member of the United Transportation Union. After an investigation and hearing, CSX terminated Johnson's employment due to "his excessive absenteeism for the period of January 21, 2004 through March 30, 2004."

It seems that the Union filed a grievance on Johnson's behalf and that the grievance was taken to arbitration before the Public Law Board. The Public Law Board concluded, among other things:

> Based on the record in its entirety, it is the finding of this Board that Carrier has presented sufficient evidence to justify its decision that claimant was guilty of the charge against him.
> Inasmuch as Carrier has followed the procedures set forth in its discipline policy, the Board is not inclined to attempt to interfere with Carrier's final decision to dismiss claimant from service.

(Public Board Award No. 386 at 2-3).

Plaintiff filed suit in this Court challenging the Public Board's award. Plaintiff alleged, among other things, that the Public Law Board was partial to CSX and failed to preserve fairness in violation of the Railway Labor Act and the collective bargaining agreement.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Seventh Circuit recently admonished:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient

because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

### III. Discussion

#### A. National Mediation Board's motion to dismiss

Decisions of the National Railroad Adjustment Board "shall be final and binding on both parties." 45 U.S.C. § 153 First (m). The Railway Labor Act (the "Act") provides a federal court jurisdiction to hear certain appeals from decisions of the National Railroad Adjustment Board. The Act provides:

> If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court . . . a petition for review of the division's order. . . . The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the finding and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

45 U.S.C. § 153 First (q). This provision also applies to decisions of the Public Law Board, which rendered the decision in this case. *Brotherhood of Locomotive Engineers v. Atchison, Topeka and Santa Fe Railway Co.*, 768 F.2d 914, 921 (7th Cir. 1985); *United Trans. Union v.*

*Indiana Harbor Belt RR Co.*, 540 F.2d 861, 863-864 (7th Cir. 1976). A "Public Law Board is 'an optional dispute-resolution mechanism' created under the Railway Labor Act." *Mitchell v. Union Pacific RR*, Case No. 05 C 2193, 2005 WL 1189599 at *3 (N.D. Ill. May 16, 2005) (quoting *Steffens v. Brotherhood of Ry.*, 797 F.2d 442, 447 (7th Cir. 1986)). Here, the decision at issue was rendered by a Public Law Board.

Johnson has filed suit against the National Mediation Board, which is the federal agency that oversees the National Railroad Adjustment Board ("NRAB") and the Public Law Boards. Defendant moves to dismiss on the grounds that it is not a proper defendant.

As the National Mediation Board points out, the Seventh Circuit has ruled that the National Railroad Adjustment Board "is not a proper party to a proceeding under 45 U.S.C. § 153(q)." *Mitchell v. Union Pacific Railroad Co.*, 408 F.3d 318, 320 (7th Cir. 2005). There, the defendant argued that the litigation should be between the parties to the arbitration, not between the losing party and the adjudicator. The Seventh Circuit agreed, quoting language from the Fourth Circuit:

> The courts that have considered the issue have uniformly held that the NRAB and its components are not proper parties to an action challenging an award made under § 153. (Internal citations omitted.) The Board, as '[a]n arbitration tribunal . . . is not properly a party to an action challenging the validity of its decision.'"

*Mitchell*, 408 F.3d at 320 (citing *Radin v. United States*, 699 F.2d 681, 686 (4th Cir. 1983)). In *Mitchell*, the Seventh Circuit did not address whether the same logic applied to the National Mediation Board, but the Fourth Circuit considered the issue in *Radin*. The Fourth Circuit stated:

> This reasoning, quite persuasive in holding the NRAB an improper defendant, is even more compelling when liability is urged against the Board for the procedural

> derelictions of the NRAB. The Board has no connection with or control over the adjudicatory functions of the NRAB, which are accorded adequate review in the district courts and further review in the courts of appeals.

*Radin v. United States*, 699 F.2d 681, 687 (4th Cir. 1983). This Court agrees with the Fourth Circuit's analysis.

Accordingly, the Court concludes that the National Mediation Board is not a proper party to Johnson's § 153 First (q) claim. Johnson does not point out any other claims that he might have against the National Mediation Board, and the Court does not decipher any from his complaint or brief. Thus, the Court dismisses without prejudice Johnson's complaint against the National Mediation Board. This dismissal is without prejudice to Johnson's right to file an amended complaint with a § 153 First (q) claim against a proper defendant.

**B.  Johnson's motion for leave to amend**

Next, Johnson moves for leave to file an amended complaint. In his motion, he states his amended complaint would retain National Mediation Board as a defendant. Johnson would also like to amend his demand for relief.

Johnson could have amended his complaint as a matter of right without moving for leave, because defendant filed a motion to dismiss instead of a responsive pleading. *See* Fed.R.Civ.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ."); *Crestview Village Apts. v. United States Dep't HUD*, 383 F.3d 552, 557 (7th Cir. 2004) (motion to dismiss is not a responsive pleading for purposes of Rule 15). Still, where, as here, a party's proposed amended complaint would not cure the defect in the original complaint, the Court may, in its discretion, deny leave to amend. *Crestview*, 383 F.3d at 558 (citing *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)).

In this case, Johnson's proposed amendment would not cure the defect: it would not eliminate National Mediation Board as a defendant. Accordingly, the Court denies Johnson's motion for leave to amend his complaint. The Court will, however, allow Johnson to amend his complaint to name a proper defendant. Johnson is also given leave to change his demand for relief.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss and denies Johnson's motion for leave to amend. The Court, however, grants Johnson leave to file within 28 days an amended complaint naming a proper defendant. Johnson may also amend his demand for relief should he choose to do so.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: 03/22/06