# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DALONNO JOHNSON, | ) |
| Plaintiff, | ) |
| | ) No. 05 C 5923 |
| v. | ) |
| | ) Judge George M. Marovich |
| CSX TRANSPORTATION, and UNITED TRANSPORTATION UNION, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dalonno Johnson ("Johnson") filed an amended complaint against defendants CSX Transportation and United Transportation Union. Defendant United Transportation Union (the "Union") moves to dismiss plaintiff's amended complaint against it. For the reasons described below, the Court denies defendant's motion to dismiss.

## I.    Background

According to the allegations in plaintiff's amended complaint and the arbitration decision attached to plaintiff's amended complaint, CSX Transportation, Inc. ("CSX") once employed Johnson, who was a member of the United Transportation Union. CSX terminated Johnson's employment for alleged excessive absenteeism.

The Union filed a grievance on Johnson's behalf, and the grievance was taken to arbitration before the Public Law Board. The Public Law Board concluded, among other things:

> Based on the record in its entirety, it is the finding of this Board that Carrier has presented sufficient evidence to justify its decision that claimant was guilty of the charge against him.

> Inasmuch as Carrier has followed the procedures set forth in its discipline policy, the Board is not inclined to attempt to interfere with Carrier's final decision to dismiss claimant from service.

(Public Board Award No. 386 at 2-3).

Plaintiff asserts a number of problems with the grievance process and with the representation the Union provided him throughout the proceedings. Plaintiff asserts that defendants violated his due process rights by, among other things, failing to provide proper notice of the investigation and failing to allow him to obtain representation of his choosing. In addition, he challenges the final decision of the Public Board.

## II.   Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965.

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

### III. Discussion

#### A. Whether the Union is a proper party

The Union argues that it should be dismissed from this suit because it is not a proper party. The Union argues that only the employer can be a party to a suit to challenge an arbitration decision under the Railway Labor Act (the "RLA").

Decisions of the National Railroad Adjustment Board "shall be final and binding on both parties." 45 U.S.C. § 153 First (m). The RLA provides a federal court jurisdiction to hear certain appeals from decisions of the National Railroad Adjustment Board. The RLA provides:

> If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court . . . a petition for review of the division's order. . . . The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

45 U.S.C. § 153 First (q). This provision also applies to decisions of the Public Law Board, which rendered the decision in this case. *Brotherhood of Locomotive Engineers v. Atchison, Topeka and Santa Fe Railway Co.*, 768 F.2d 914, 921 (7th Cir. 1985); *United Trans. Union v. Indiana Harbor Belt RR Co.*, 540 F.2d 861, 863-864 (7th Cir. 1976). A "Public Law Board is

'an optional dispute-resolution mechanism' created under the Railway Labor Act." *Mitchell v. Union Pacific RR*, Case No. 05 C 2193, 2005 WL 1189599 at *3 (N.D. Ill. May 16, 2005) (quoting *Steffens v. Brotherhood of Ry.*, 797 F.2d 442, 447 (7th Cir. 1986)). Here, the decision at issue was rendered by a Public Law Board.

Another way to challenge an arbitration award is to establish a breach by the Union of the duty of fair representation. If the breach undermined the integrity of the arbitration, the decision cannot stand. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-571 (1976) ("enforcement of the finality provision where the arbitrator has erred is conditioned upon the union's having satisfied its statutory duty fairly to represent the employee in connection with the arbitration proceeding."); *Antonaros v. Norfolk & Western Ry. Co.*, 641 F. Supp. 193, 197 (S.D. Ohio 1986) ("if an employee can establish that his Union breached its implied duty of fair representation, then even a binding decision of the [National Railroad Adjustment] Board can be set aside if the breach seriously undermined the integrity of the arbitral process."). The Railway Labor Act provides plaintiff a cause of action for breach of the duty of fair representation. *Steffens v. Brotherhood of Ry.*, 797 F.2d 442, 446 (7th Cir. 1986).

For these reasons, the Union is a proper party, and the Court will not dismiss the Union.

### B. Collateral Estoppel/*Res Judicata*

The Union next argues that Johnson's duty of fair representation claim is barred by the principles of collateral estoppel and/or *res judicata*. At this time, the Court cannot dismiss Johnson's claim against the Union based on collateral estoppel or *res judicata*. Collateral estoppel and *res judicata* are affirmative defenses, and the plaintiff need not plead around affirmative defenses. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir.

2003); Fed. R. Civ. P. 8(c). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum*, 350 F.3d at 626.

Johnson has not pleaded himself out of court, and the Court will not dismiss his claim based on an affirmative defense on a motion to dismiss.[1]

## IV.  Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED: August 7, 2007

---

[1] The Union, of course, remains free to make this argument at an appropriate point, such as on a motion for summary judgment.