**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DALONNO JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 5923 |
| v. | ) |
| | ) Judge George M. Marovich |
| | ) |
| CSX TRANSPORTATION, and UNITED | ) |
| TRANSPORTATION UNION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dalonno Johnson ("Johnson") filed a second amended complaint against defendants CSX Transportation and United Transportation Union. By now, only United Transportation Union (the "Union") remains as a defendant, because CSX Transportation has been granted summary judgment. Currently before the Court is the Union's motion for summary judgment. For the reasons set forth below, the Court grants the motion for summary judgment.

**I.    Background**

Unless otherwise noted, the following facts are undisputed.

Plaintiff Johnson worked for CSX Transportation from about November 1998 until April 1, 2004. On April 1, 2004, CSX Transportation removed Johnson from service pending an investigation into his excessive absenteeism. Ultimately, CSX Transportation discharged Johnson on or about June 6, 2004. The Union filed a grievance on Johnson's behalf, and the grievance progressed through arbitration. On August 30, 2005, the Public Law Board (the entity conducting the arbitration) issued a decision denying Johnson's grievance.

On or about October 3, 2006 (and separate from this case), plaintiff filed in the Circuit Court of Cook County a complaint against the Union. In the complaint, plaintiff alleged:

> Plaintiff's complaint is of gross misrepresentation committed against him by the United Transportation Union Labor Organization from November 30, 1998 until the present time of September 12, 2005. The United Transportation Union allowed the plaintiff's employer to totally dominate the work place, with its unwillingness to challenge the employers constant harassment and egregious contempt of the Railway Labor Act and B&OCT Agreement. The plaintiff demands the sum of $10,000,000.

(Circuit Court Complaint). The Union, seeing this as a claim for breach of the duty of fair representation, removed the case ("case number 06-CV-280") to this United States District Court. Case number 06-CV-280, proceeded before Judge Der-Yeghiayan. By August 9, 2006, Judge Der-Yeghiayan had dismissed case number 06-CV-280 for want of prosecution. Johnson did not file a notice of appeal or otherwise seek to reinstate case number 06-CV-280.

In the meantime, on October 14, 2006, Johnson filed this suit, challenging the arbitration decision. Originally, the only defendant in this suit was the National Mediation Board. On the National Mediation Board's motion, this Court dismissed the National Mediation Board on the grounds that it was not a proper defendant. The Court also granted plaintiff leave to amend his complaint to name a proper defendant. In his second amended complaint, Johnson named CSX Transportation and the Union. The Court has already granted summary judgment to CSX Transportation. The Union now moves for summary judgment.

## II.     **Standard on a motion for summary judgment**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    Discussion

Plaintiff filed this suit to challenge an arbitration decision in which the arbitrators had concluded that his discharge from CSX Transportation did not violate the collective bargaining agreement. In his claim against the Union, plaintiff asserts that the Union violated the Railway Labor Act by breaching its duty of fair representation to him. *See Steffens v. Brotherhood of Ry.*, 797 F.2d 442, 446 (7th Cir. 1986) (The Railway Labor Act provides plaintiff a cause of action for breach of the duty of fair representation.); *Antonaros v. Norfolk & Western Ry. Co.*, 641 F. Supp. 193, 197 (S.D. Ohio 1986) ("if an employee can establish that his Union breached its implied duty of fair representation, then even a binding decision of the [National Railroad Adjustment] Board can be set aside if the breach seriously undermined the integrity of the arbitral process.").

In his second amended complaint, plaintiff asserted several specific ways in which the Union had failed him. For example, the plaintiff alleged that in April 2004, he urged the Union's

-3-

General Chairman to represent him with respect to his discharge grievance because he did not want his local union to represent him. Plaintiff further alleged that on or about April 7, 2004, the General Chairman sent him a letter stating that the Union could not represent him. According to plaintiff's complaint allegations, later in April, the Union also informed him that he had the right to reject representation by the local union but that if he did so, the Union would have no further obligation to him. Plaintiff alleged in his complaint that the Union failed him by not telling him that the arbitration could be held in Chicago and by not telling him he could have had a say in the arbitrator-selection process. Ultimately, plaintiff's grievance was arbitrated in August 2005.

The Union seeks summary judgment not on the merits of plaintiff's claim but based on its affirmative defense. Specifically, the Union argues that plaintiff's claim is barred by *res judicata*. *Res judicata* bars further claims based on a cause of action that has already been litigated. To establish this affirmative defense, the Union must establish: "(1) identity of the claim, (2) identity of the parties, which includes those in 'privity' with the original parties, and (3) a final judgment on the merits." *Ross v. Board of Edu. of Township H.S. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

Johnson properly concedes the second and third elements. It is undisputed that Johnson and the Union are parties to this suit and that they were both parties in case number 06-CV-280. In addition, it is undisputed that case number 06-CV-280 was dismissed for want of prosecution. A dismissal for want of prosecution is, as a matter of law, a judgment on the merits. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal

order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

The dispute here is about the first element: whether the claims in the two cases are the same for *res judicata* purposes. If claims "arise out of the same transaction" then "whether or not they were actually raised in the earlier lawsuit, they may not be asserted in the second or subsequent proceedings." *Ross*, 486 F.3d at 283. Thus, claims based on a common core of operative fact (i.e., the same factual allegations) must be brought together in one suit. *Id.*

Here, the parties dispute whether the claims are the same. The Court concludes that the claims are based on the same set of facts. Although the plaintiff's complaint in case number 06-CV-280 contained very little detail, he complained that the Union misrepresented him up through September 12, 2005 by failing to challenge CSX with respect to the collective bargaining agreement. That broad statement encompasses the quite specific conduct alleged in this case, which is about the Union's alleged failures in representing him when he challenged his discharge as contrary to the collective bargaining agreement. Here, Johnson alleged that the Union breached its duty of fair representation in April of 2004 by failing to represent him when he preferred that representation to representation by his local union. Plaintiff further alleged that the Union breached its duty of fair representation by failing to inform him, before the August 2005 arbitration, that the arbitration could be held in Chicago and that he could have a say as to the identity of the arbitrators. The arbitration about which he complains was the arbitration in which he argued that his former employer violated the collective bargaining agreement when it discharged him. These alleged failures by the Union all occurred before September 12, 2005. Thus, while the complaint in Case Number 06-CV-280 was more general than the allegations in

this case, case number 06-CV-280 involved the same transaction: the Union's alleged failures with respect to plaintiff's grievance over his discharge.

The Union has properly shown that this case is barred by *res judicata*. The Union is entitled to judgment as a matter of law, and the Court grants its motion for summary judgment.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant United Transportation Union's motion for summary judgment.

ENTER:

*George M. Marovich*
George M. Marovich
United States District Judge

DATED: March 27, 2008